MONTGOMERY WARD & CO., INC., Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 81–1248.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 15, 1981.

Decided Nov. 30, 1981.

Leonard Singer, Kansas City, Mo., argued, for Montgomery Ward & Co.; Watson, Ess, Marshall & Enggas, Kansas City, Mo., of counsel.

Paul J. Speilberg, Deputy Asst. Gen. Counsel, argued, Morton Namrow, Atty., William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Acting Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., Washington, D. C., for respondent.

Before BRIGHT and ROSS, Circuit Judges, and LARSON,* District Judge.

PER CURIAM.

The National Labor Relations Board (Board) has applied to this court for enforcement of its order holding that Montgomery Ward & Co., Inc. (Wards) violated section 8(a)(1) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1). Wards discharged Michael Poupard and Richard Lafferty (employees) after they admitted that they had stolen goods from Wards. The Board found that Wards violated section 8(a)(1) by requiring the employees to attend investigative interviews without the presence of their union steward after they had requested his presence and when the employees reasonably believed that disciplinary action could result from such an interview. Although the issue is close we find that there is substantial evidence in the record as a whole of section 8(a)(1) viola-

tions but disagree with the "make whole" relief ordered by the Board.

During the course of a security investigation, Wards discovered that Poupard and Lafferty had been stealing merchandise from their respective departments. When the security investigator contacted the employees for an interview regarding these thefts, each employee requested union representation. Upon such request, the employees were informed that the security interviews would not be conducted if a union representative was called and the entire matter would be turned over to management and the police. The employees each signed an interview consent form, proceeded with the interview, and then signed a statement admitting they had stolen merchandise from Wards. Both employees offered to make restitution. Wards terminated the employees after reviewing the results of the security investigation. The evidence is clear that the firings were a direct result of the admitted thefts and not the result of the employees' insistence on the presence of a union steward.

The ALJ determined that Wards had violated section 8(a)(1) by failing to permit the requested union assistance at the investigative interviews and recommended that the Board order reinstatement and back pay for Lafferty. He also recommended a cease and desist order along with the posting of the usual notice. The Board agreed with the ALJ but added the requirements that Wards expunge any record of the discharge from Lafferty's personnel file and ordered back pay for Poupard.[1]

■ We find substantial evidence in the record as a whole to support the Board's determination that both employees requested and were denied union representation at investigative interviews which the employ-

---

\* The Honorable Earl R. Larson, Senior United States District Judge for the District of Minnesota, sitting by designation.

1. Poupard admitted to the ALJ that he had stolen from this employer. Lafferty recanted his confession and the ALJ refused to let

Wards prove that Lafferty made partial restitution. In addition the counsel for the General Counsel acknowledged that there was no allegation that the discharge was not for just cause.

ees reasonably believed would result in disciplinary action. *See NLRB v. J. Weingarten, Inc.*, 420 U.S. 251, 95 S.Ct. 959, 43 L.Ed.2d 171 (1975).

■ However, the determination that the proper remedy should be back pay and reinstatement is clearly prohibited by the language of the National Labor Relations Act. *NLRB v. Potter Electric Signal Co.*, 600 F.2d 120 (8th Cir. 1979) is dispositive of the remedy issue. In *Potter*, we held that where it is clear that employees were discharged for good cause and not for requesting union assistance at an investigatory interview, section 10(c) of the Act, 29 U.S.C. § 160(c), precludes an order of back pay and reinstatement under such circumstances.

In this case, like *Potter*, the employees effected their own discharge by stealing and the section 8(a)(1) violation was simply incidental to the investigation which preceded the firing. Thus, the Board lacks the power to order reinstatement or back pay for employees discharged for theft of company property, because to do so would violate section 10(c) as interpreted in *Fibreboard Paper Products Corp. v. NLRB*, 379 U.S. 203, 85 S.Ct. 398, 13 L.Ed.2d 233 (1964); *NLRB v. Potter Electric Signal Co., supra*, 600 F.2d at 124.

Enforcement is granted as to the finding of the Board that there were section 8(a)(1) violations. Enforcement is denied as to the determinations concerning back pay and reinstatement. The notice shall be modified by striking the last paragraph thereof.