**GENERAL MOTORS CORPORATION, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 80–1677.

United States Court of Appeals, Sixth Circuit.

Argued March 4, 1982.
Decided April 1, 1982.

Roderick D. Gillum, Gen. Motors Corp., Detroit, Mich., for petitioner.

Elliott Moore, Deputy Assoc. Gen. Counsel, Paul Spielberg, N. L. R. B., Washington, D. C., for respondent.

Before MARTIN, Circuit Judge, PECK, Senior Circuit Judge, and PORTER,* Senior District Judge.

PER CURIAM.

Petitioner, General Motors Corporation, seeks to have the order of the National Labor Relations Board finding it to have violated Section 8(a)(1) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1), set aside for lack of substantial evidence. In the alternative, General Motors argues that the remedy ordered, reinstatement, is overbroad and contrary to Section 10(c) of the Act. 29 U.S.C. § 160(c). The NLRB cross-petitions for enforcement of its decision and order which are reported at 251 N.L.R.B. No. 121. For the reasons given below, enforcement is granted in part and denied in part.

On January 5, 1979, a member of petitioner's security force observed Jerry Allen,

a General Motors' employee, together with several other employees at a nearby bowling alley during working hours. The security officer reported his observations to Allen's foreman and to petitioner's labor relations manager. Thereafter an investigation was begun into the incident. On three different occasions Allen was questioned about the event but denied having been at the bowling alley on the morning of the 5th. He admitted being there that afternoon but gave as a reason the breakdown of his truck while on his way to visit his sick mother. He stated that he was there only while waiting for a ride. It is undisputed that Allen, himself a union committeeman, did not request union representation until the third investigatory interview as was his right under the Court's decision in *NLRB v. J. Weingarten, Inc.,* 420 U.S. 251, 95 S.Ct. 959, 43 L.Ed.2d 171 (1975). The administrative law judge found that at the third and final confrontation between Allen and the petitioner, Allen did request representation which request was ignored. Yet Allen continued to respond to questioning and in the course of the rather brief exchange on the plant floor admitted to being at the alley on the morning of the 5th. Allen was discharged the next day.

We find substantial evidence in the record to support the Board's determination that General Motors wrongfully ignored Allen's request for representation. The court's decision in *Weingarten* is abundantly clear that once such a request is made, the employee has the absolute right to refuse to answer any further questions until he receives the representation desired. General Motors clearly violated Allen's right to fair employment under the Act when it continued to press him after he made this request. The Board's order to General Motors to cease and desist from this practice will be enforced.

However, we decline to enforce the backpay and reinstatement remedy imposed by the NLRB because there exists evidence, completely independent of General Motors'

* Honorable David S. Porter, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

technical violation, upon which Allen's discharge may be grounded. The security officer's report, which was verified as to several other details, did not result in any way from Allen's confession, nor could it have, given the chronology of the case. That report then stands as independent evidence of good cause for discharge. Although General Motors did not in fact dismiss Allen on the basis of the report alone, they could have. We will not penalize General Motors for their good faith attempt to allow Allen to explain his presence at the alley. Instead we choose to follow the decisions of the Eighth Circuit in *NLRB v. Potter Signal Co.*, 600 F.2d 120 (1979), and *Montgomery Ward & Co. v. NLRB*, 664 F.2d 1095 (1981). In these two cases, the court held that where an employee is discharged for good cause, Section 10(c) of the Act, 29 U.S.C. § 160(c), precludes an order of back pay and reinstatement. *Potter Signal, supra* at 123; *Montgomery Ward Co., supra* at 1097.

Enforcement is granted as to the finding of the Board that General Motors violated Section 8(a)(1). Enforcement is denied as to the determinations concerning back pay and reinstatement. The notice shall be modified by striking the last three paragraphs thereof.