**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**KAHN'S AND COMPANY, DIVISION OF CONSOLIDATED FOOD COMPANY, Respondent.**

No. 81–1466.

United States Court of Appeals, Sixth Circuit.

Dec. 16, 1982.

Elliott Moore, Paul J. Spielberg, Deputy Associate Gen. Counsels, N.L.R.B., Washington, D.C., for petitioner.

Arnold Morelli, Cincinnati, Ohio, for respondent.

Before ENGEL and KEITH, Circuit Judges, and NICHOLS,* Associate Judge.

### ORDER

The National Labor Relations Board ("the Board") petitions for enforcement of its order, reported at 253 NLRB No. 4, finding that Kahn's and Company, Division of Consolidated Food Company ("the Company") violated Section 8(a)(1) of the National Labor Relations Act ("the Act"), 29

U.S.C. § 158(a)(1), by refusing employee Reginald Akers' ("Akers") request to have a union representative at an investigatory meeting.

Akers was employed as a neck boner by the Company, which markets pork products. Akers had been disciplined several times for various employment violations.

On April 18, 1979, Akers was assigned to work as a hook and gambrel operator whose duties called for him to operate a machine whereby hogs were attached and conveyed on a conveyor belt to the system. This was temporary employment of a simplified nature which was given to Akers because he claimed to have injured his hand. The incident which triggered his discharge occurred shortly before 9:00 a.m. when Akers went to the restroom and overstayed his allotted time, the consequence of which some twenty (20) hogs were caused to fall to the floor from the conveyor belt. While disputed, the court accepts the Board's finding that Akers had requested and been refused the right to have a Union steward present when he was interviewed concerning the incident and that this was in violation of his rights under Section 8(a)(1) of the National Labor Relations Act, *NLRB v. Weingarten,* 420 U.S. 251, 95 S.Ct. 959, 43 L.Ed.2d 171 (1974).

At the same time, upon a review of the record as a whole the court is of the opinion that an award of reinstatement and back pay is inappropriate in this case. Both the arbitrator to whom Akers' grievance was referred under the existing collective bargaining agreement and the administrative law judge found that Akers had indeed been discharged for cause. Although the Board did not defer to the arbitrator's award, it did not disturb the ALJ's finding. The evidence further overwhelmingly supports the conclusion that Akers' discharge was not affected in any way by the 8(a)(1) violation. The court is therefore of the opinion that this case is controlled by *Gen-*

---

* Hon. Philip Nichols, Jr., Associate Judge, U.S. Court of Claims, Washington, D.C., sitting by designation.

*eral Motors v. NLRB,* 674 F.2d 576 (6th Cir.1982), which held that where evidence independent from an improper interview discloses that an employee has been discharged for good cause, Section 10(c) of the National Labor Relations Act, 29 U.S.C. § 160(c), precludes order of back pay and reinstatement. Accordingly,

Enforcement is granted as to the finding of the Board that the Company violated § 8(a)(1). Enforcement is denied as to determinations concerning back pay and reinstatement, and the notice required by that order to be posted will be modified by striking therefrom the third paragraph and the last three words of the last paragraph.